UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALTON PETROlEUM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:03CV35ERW |
| ) | |
| DEVLIN ENERGY GROUP, L.L.C., THE ) | |
| DEVLIN TRUST; FRANK GREEN; and ) | |
| ANN D. GREEN ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Dalton Petroleum, Inc.'s ("Dalton") Application for Attorney's Fees (doc. #111). Dalton requests $82,535.31. The Devlin Energy Group, L.L.C. ("Devlin") has not filed an objection to this motion.

**I.      BACKGROUND**

On January 21, 2005, this Court entered judgment against Devlin. The controversy arose after Devlin failed to make lease payments to Dalton for the lease of a gas station, with accompanying convenience store, in Pocahontas, Arkansas. The Court found that Devlin breached the terms of the lease and that Dalton properly took possession of the Pocahontas property. Furthermore, the Court found the Promissory Note valid and enforceable. The Court weighed and rejected each of Devlin's affirmative defenses, including fraud in the transaction, Dalton's failure to mitigate, and "unclean hands." The Court held Devlin liable for the remaining balance and for interest on the Promissory Note. The remaining balance totaled

1

$522,500.00, and the interest would be calculated at a rate of 9% per annum from December 7, 2001.

Additionally, in its Memorandum and Order, the Court acknowledged that the terms of the Promissory Note allowed for the payment of attorney's fees. The Promissory Note provided:

> Costs and Fees. If this Note is ever placed for collection or if suit is initiated to enforce payment, the Debtor shall also pay, in addition to all unpaid principal and interest, all Dalton's costs of collection, including attorneys' fees incurred by Dalton, but only if and to the extent permitted by law.

(Pl. Ex. 2 at 19). The Court also noted that, if needed, it would permit a special hearing in regards to attorney's fees. On February 4, 2005, Dalton submitted a brief detailing its request for attorney's fees and costs in the amount of $82,535.31. Devlin did not file an objection to Dalton's request for attorney's fees and for costs.

## II. DISCUSSION

The Eighth Circuit requires reference to state law for the construction of the fee-shifting clause; therefore, Missouri law must be used. *See, e.g.*, *Orion Fin. Corp. of South Dakota v. Am. Foods Group, Inc.*, 281 F.3d 733, 745 (8th Cir. 2002) (applying South Dakota law); *Litton Microwave Cooking Prod. v. Leviton Mfg. Co.*, 15 F.3d 790, 796 (8th Cir. 1994) (applying Minnesota law); *Westside Galvanizing Serv., Inc. v. Georgia-Pac. Corp.*, 921 F.2d 735, 740 (8th Cir. 1990) (applying Arkansas law). Missouri follows "the 'American Rule,' which provides that litigants must bear the expense of their own attorney's fees." *First State Bank of St. Charles v. Frankel*, 86 S.W.3d 161, 175 (Mo. Ct. App. 2002). An exception to this rule is that "a trial court may award attorney's fees to a prevailing party if a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision." *Id*. at 175-76.

In addition, Missouri law provides that courts should enforce contractual fee-shifting provisions. In *Luck "E" Strike Corp. v. First State Bank of Purdy*, the court found that "where a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, it is error to fail to make such an award to the successful party." 75 S.W.3d 828, 835 (Mo. Ct. App. 2002). In the event that the contract does not provide for a "reasonable" fee, Missouri courts have found that "as a matter of public policy, reasonableness is an implied term in every contract for attorney's fees." *State ex rel. Chase Resorts v. Campbell*, 913 S.W.2d 832, 835 (Mo. App. Ct. 1995).

Finally, Missouri courts utilize the trial court's expertise in evaluating the amount of attorney's fees. 75 S.W.3d at 835. In its motion, Dalton asserted that its attorney's fees in bringing this action totaled $82,535.31. Dalton stated that all expenses were reasonably necessary to enforce its rights under the Promissory Note. In support of its request, Dalton presented five applications for attorney's fees and for costs made before the United States Bankruptcy Court for the Eastern District of Missouri (Pl. Ex. B). These applications included daily time and billing records. The Court observed Counsel's efforts on behalf of Plaintiff during the management of the case and during the trial, and the Court finds that the requested fees are in all respects reasonable. Based on the detailed records kept by Dalton, and the Court's observations of Counsel, this Court finds that Dalton is entitled to an award of attorney's fees and of costs in the amount of $82,535.31.

Accordingly,

**IT IS HEREBY ORDERED** that Dalton Petroleum, Inc.'s Application for Attorneys' Fees (doc. #111) is **GRANTED**. Defendants shall pay Dalton $82,535.31 for attorney's fees and for costs incurred.

Dated this 27th day of June, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE